**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHCT Arizona LLC,<br><br>　　　　　Defendant. | No. CV-16-03091-PHX-JJT<br><br>**ORDER** |

　　　At issue is Defendant's Motion for Award of Attorneys' Fees and Costs (Doc. 12), to which Plaintiff filed a Response in Opposition (Doc. 13) and Defendant filed a Reply (Doc. 14). For the reasons set forth below, the Court will grant in part and deny in part Defendant's motion.

　　　Plaintiff filed this action in state court on August 18, 2016, claiming violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") and its state counterpart, the Arizonans with Disabilities Act, A.R.S. § 41-1492 *et seq*. ("AzDA"). (Doc. 1, Ex A.) Defendant removed the matter to this Court on September 13, 2016, on grounds that the Court had federal subject matter jurisdiction over the ADA claim and pendent jurisdiction over the state AzDA claim. (Doc. 1 at 2.)

　　　On September 20, 2016, Defendant moved to dismiss the Complaint for lack of jurisdiction and failure to state a claim upon which relief could be granted, citing lack of standing of the corporate Defendant. (Doc. 7). Defendant also filed a Notice of Certification of Conferral on that date, advising the Court that it had alerted Plaintiff to

1  infirmities with the Complaint and the standing issue. (Doc. 8.) Plaintiff filed no response
2  to the Motion to Dismiss and, more than five weeks later, Defendant moved for summary
3  disposition of the Motion to Dismiss. (Doc. 10.) Citing LRCiv. 7.2(i), the Court granted
4  both motions and dismissed this matter for Plaintiff's failure to prosecute. (Doc. 11.)

5  The ADA provides the Court discretion to award to a prevailing party reasonable
6  attorneys' fees and costs. 42 U.S.C. § 12205. The circumstances justifying such an award
7  are narrow. A court must first find that "the plaintiff's action was frivolous, unreasonable
8  or without foundation." *Summers v. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997).
9  Such circumstances exist here.

10  Defendant's Notice of Certification of Conferral sets forth the frivolity,
11  unreasonableness, and lack of foundation of Plaintiff's counsel's actions. At the point
12  Plaintiff brought this action, it had filed over 1000 nearly identical actions in Arizona
13  state court within the span of just a few months, all alleging an ADA claim and a state
14  AzDA claim against various small businesses operating in Arizona. Counsel for many
15  defendants had raised the standing issue with counsel for Plaintiff, both as an absolute bar
16  to bringing this action in any court, and specifically as a bar to bringing it in federal
17  court—where Article III Constitutional provisions made the lack of standing clear.
18  Counsel for Defendant here did the same. (Doc. 8, Ex. B.) In her contacts with Plaintiff,
19  counsel for Defendant sought to minimize the waste of resources that would occur if she
20  were forced to prepare and file a motion to dismiss on an obvious lack of standing in
21  federal court by seeking voluntary dismissal of at least the ADA claim before her
22  deadline to file any such motion. (Doc. 8, Ex. B.) Plaintiff declined to so dismiss the
23  ADA claim, and on the deadline to answer or otherwise file a responsive pleading,
24  Defendant filed a comprehensive motion to dismiss.

25  Were this an isolated instance of Plaintiff's failure to act in such circumstances,
26  the Court would be reluctant to consider a fee award. But, as indicated above, Plaintiff
27  has filed over 1000 essentially boilerplate complaints all presenting similar standing
28  issues. In the approximately 160 of those cases that were removed to this Court, it already

has sanctioned Plaintiff at least twice for similar conduct it expressly found to "demonstrate[] an attempt to increase the costs of litigation to maximize Defendants ['] desire to settle the suit due to the cost of defense." *Advocates for Individuals with Disabilities Found. Inc. v. Golden Rule Properties LLC*, No. CV-16-02413-PHX-GMS, Doc. 28 at 2 (D. Ariz. October 13, 2016); *see also Advocates for Individuals with Disabilities Foundation Inc. v. Sun West Dental Properties LLC*, No. 16-CV-02416-PHX-JJT, Doc. 29 at 3 (D. Ariz. October 13, 2016) ("The Court will find that it was, in fact, an abuse perpetrated by plaintiff's counsel, not [new counsel] Mr. Broadbent, in giving inaccurate information deliberately which motivated actions that drove up the costs.").

The Court finds that Plaintiff's conduct in this case is a continuation of the pattern it identified above to drive up the costs of defending these cases even where there is no sustainable claim. Defendant clearly identified the infirmities in the Complaint to Plaintiff and clearly advised that Defendant's counsel had to act by a date certain to protect its rights, unless Plaintiff voluntarily withdrew the infirm claim before that date. Plaintiff took no action. Thereafter, Defendant prepared and filed a comprehensive motion to dismiss. Plaintiff did not even respond. It failed to prosecute this matter. But its course of conduct drove up defense costs by over $13,000. In light of the pattern of conduct exhibited by Plaintiff, the Court concludes this action was frivolous, unreasonable, and unfounded. The Court having given Plaintiff notice of the issue and an opportunity to be heard (Docs. 11, 13), finds Plaintiff's conduct here justifies an award of reasonable attorneys' fees and costs under § 12205. The Court alternatively finds such an award is justified under its inherent powers or under 28 U.S.C. § 1927. *Munoz v. Calif. Dept. of Corrections*, 182 F.3d 926, 926 (9th Cir. 1999).

The Court concludes that the hourly rates for the attorneys representing Defendant in this matter are all reasonable and supported by market rates applicable to this representation. It finds that the number of hours billed was excessive, however. The hours expended in conducting the litigation by Ms. Story and Mr. LaPriore were reasonably

necessary to conduct the tasks as outlined in their detailed billing statement, all of which the Court finds were appropriate in the service of the client. But it does not find that the additional hours recorded by the Baker Donelson firm are reasonably assessed, particularly in light of counsel's acknowledgement that Ms. Story and her associate "were primarily responsible for the day to day defense of this matter" and the Baker Donelson attorneys found it "necessary [] to stay involved to some degree" simply because of their relationship with the client—*i.e.*, they were the referring law firm. The Court does not find, and does not mean to suggest, that the Baker Donelson attorneys provided no value to the client. But it does find in the microanalytical sense that certain tasks, such as approval by the Baker Donelson firm of the filings of an experienced partner in the Lewis Roca firm in a matter such as the instant one, are duplicative and unnecessary. And in the macroanalytical sense the Court finds that where, as here, "ordering Plaintiff to pay almost $15,000 in attorneys' fees when a case has not been decided on the merits is an unreasonable penalty for work on two motions, one of which is a standard Request for Summary Ruling." *Aguado v. First Magnus Financial Corp.*, No. CV-09-1390-PHX-MHM, 2010 WL 2643555 at *3 (D. Ariz. June 30, 2010).

The Court will award Defendant the attorneys' fees reasonably generated by local counsel—$8,734.50—and costs of $726.90.

Also before the Court is Plaintiff's Motion for Remand, which was combined with its Response to Defendant's attorney fee motion (Doc. 13). Plaintiff urges this Court to remand the AzDA claim, or both claims, because there is a possibility that the state court will find Plaintiff does have standing to bring one or both claims under the State of Arizona's non-Article III standing analysis. (Doc. 13 at 1-2.) Had Plaintiff timely responded to the Motion to Dismiss, the Court would have considered its argument. Plaintiff did not respond to the motion to dismiss, however, at any point, and the Court granted the motion and dismissed more than three months ago pursuant to LRCiv. 7.2(i) and a finding that Plaintiff failed to prosecute its claims. The Court finds no basis to

1 overturn its earlier ruling. Plaintiff had its opportunities to respond on the merits and
2 chose not to do so.

3       **IT IS THEREFORE ORDERED** granting in part and denying in part
4 Defendant's Motion for Award of Attorneys' Fees and Costs (Doc. 12). Defendant is
5 awarded $9461.40, comprised of $8734.50 in reasonable attorneys' fees and $726.90 in
6 costs.

7       **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Remand (Doc. 13).

8       **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment
9 accordingly. This case shall remain closed.

10       Dated this 10th day of February, 2017.

                             Honorable John J. Tuchi
                             United States District Judge